```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

USIRIEDO I. OMONDIAGBE,
    Petitioner,


    v.                                      CIVIL ACTION NO.
                                                  13-11182-MBB

JOSEPH D. McDONALD, JR.,
    Respondent.

**MEMORANDUM AND ORDER RE:**
**RESPONSE TO COURT ORDER**
**(DOCKET ENTRY # 27)**

**April 9, 2014**

**BOWLER, U.S.M.J.**

    On March 19, 2014, respondent Joseph D. McDonald, Jr. ("respondent"), Plymouth County Sheriff, filed a response to a March 7, 2014 Procedural Order. (Docket Entry # 27). Respondent argues that the above styled petition for writ of habeas corpus under 28 U.S.C. § 2241 is moot because of the release of petitioner Usiriedo I. Omondiagbe ("petitioner") from the Plymouth County Correctional Facility and the removal of petitioner from the United States. Respondent also submits that this court lacks jurisdiction to review removal orders under the Real ID Act of 2005, 8 U.S.C. § 1252(a)(5) ("section 1252"). (Docket Entry # 27). He therefore moves to dismiss the petition. (Docket Entry # 27).

<u>BACKGROUND</u>

    Petitioner, a native of Nigeria, was an immigration detainee

at the Plymouth County Correctional Facility at the time he filed the petition.  The petition seeks an immediate release from custody on the basis that his confinement exceeds the presumptively reasonable six month time period permissible under Zadvydas v. Davis, 533 U.S. 678, 702 (2001), and therefore violates 8 U.S.C. § 1231(a)(6) as well as substantive and procedural due process.  (Docket Entry # 1, ¶¶ 19 & 21-27).  It also seeks to preclude respondent from transferring petitioner to a detention facility that lies outside the jurisdiction of the court.  (Docket Entry # 1).  Overall, the petition challenges petitioner's continued detention as opposed to his removal and the basis for such removal.

In a March 2014 affidavit, James E. Brown, an Assistant Field Office Director at the Burlington, Massachusetts office of the United States Immigration and Customs Enforcement Office, Department of Homeland Security, attests that petitioner "was removed from the United States on October 7, 2013."  (Docket Entry # 276-1).  The petition is therefore moot, according to respondent.

## DISCUSSION

In a federal court, justiciability requires the existence of an actual case or controversy.  U.S. Const. art. III, § 2, cl. 1.  "Even if an actual case or controversy exists at the inception of litigation, a case may be rendered moot (and,

2

therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief." Maine School Administration District No. 35 v. Mr. R., 321 F.3d 9, 17 (1st Cir. 2003). Petitioner did not oppose the request to dismiss the petition as moot or otherwise identify a collateral consequence sufficient to give rise to an Article III case or controversy. See U.S. v. DeLeon, 444 F.3d 41, 56 (1st Cir. 2006). Because the petition seeks only immediate release from the unlawful detention as well as to prevent respondent from transferring petitioner "to a detention facility outside the jurisdiction" of the court (Docket Entry # 1), his release and removal from the United States renders the petition moot.[1]

Furthermore, the plain language of the Real ID Act "deprives the district courts of jurisdiction in removal cases." Ishak v. Gonzales, 422 F.3d 22, 27-28 (1st Cir. 2005). Section 1252(a)(5) states, in no uncertain terms, that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review* of an order of removal entered or issued under any provision of this chapter, except as provided in

---

[1] The prayer for attorney's fees in the petition under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), is without merit because petitioner is proceeding pro se. See Crooker v. E.P.A., 763 F.2d 16, 17 (1st Cir. 1985) ("EAJA does not authorize an attorney's fee award to a pro se litigant").

3

subsection (e) of this section.

8 U.S.C. § 1252(a)(5) (emphasis added); see also 8 U.S.C. § 1252(a)(4). Petitioner is availing himself of this avenue of relief. See Omondiagbe v. Holder, No. 13-2107.

Specifically, on December 5, 2012, an immigration judge ("IJ") denied petitioner's application for asylum under 8 U.S.C. § 1158, his request to withhold removal under 8 U.S.C. § 1231(b)(3) and his request for protection under the Convention Against Torture. (Docket Entry # 1, ¶¶ 11-12). Thereafter, petitioner filed a motion to reopen under 8 U.S.C. § 1229a(c)(7) and a motion to stay removal pending adjudication. (Docket Entry # 1, ¶ 17). On April 10, 2013, the IJ "denied all [of petitioner's] applications for relief." (Docket Entry # 1, ¶ 14). On April 15, 2013, petitioner filed an appeal of the decision with the Board of Immigration Appeals ("BIA"). (Docket Entry # 16-1). The BIA dismissed the appeal on August 28, 2013. (Docket Entry # 16-1). On September 6, 2013, petitioner filed an appeal in the First Circuit, Omondiagbe v. Holder, No. 13-2107, which remains pending.

In sum, petitioner's release from custody moots the petition. Moreover, this court lacks jurisdiction to adjudicate petitioner's removal.

## CONCLUSION

Accordingly, the response to the procedural order, wherein

respondent moves to dismiss the petition, is **ALLOWED** and the petition is **DISMISSED.**

                               /s/ Marianne B. Bowler  
                               **MARIANNE B. BOWLER**  
                               United States Magistrate Judge